1  CLARK COUNTY SCHOOL DISTRICT
   OFFICE OF THE GENERAL COUNSEL
2  C. W. HOFFMAN, JR., ESQ.
   Nevada Bar No. 5370
3  F. TRAVIS BUCHANAN, ESQ.
   Nevada Bar No. 4710
4  5100 W. Sahara Ave.
   Las Vegas, Nevada 89146
5  (702) 799-5373
   Attorneys for Defendants
6

7                 **UNITED STATES DISTRICT COURT**

8                      **DISTRICT OF NEVADA**

9  JOHN AND JANE DOE, individually      CASE NO. 2:06-CV-1074-JCM(RJJ)
   and on behalf of their minor
10 daughter MARY DOE,                   **ORDER**

11                  Plaintiffs,         (Granting Defendants' Renewed
                                        Motion for Summary Judgment,
12 v.                                   #64)

13 CLARK COUNTY SCHOOL DISTRICT,        HEARING DATE: 8-27-08
   MARY BETH SCOW, LARRY MASON,         HEARING TIME: 10:00 A.M.
14 TERRI JANISON, SHIRLEY BARBER,
   SHEILA MOULTON, RUTH JOHNSON,
15 SUSAN BRAGER-WELLMAN as the
   BOARD OF TRUSTEES for the CLARK
16 COUNTY SCHOOL DISTRICT and
   their successors in office,
17 JEFFREY HORN, as the principal
   of GREEN VALLEY HIGH SCHOOL,
18 and their successors in office
   and DOES I-XX, inclusive,
19
                   Defendants.
20

21      Plaintiffs JOHN AND JANE DOE, individually and on behalf of

22 their minor daughter MARY DOE, filed this action in the United

23 States District Court, District of Nevada on August 31, 2006

24 (Complaint #1).  Plaintiffs contend that the alleged actions of

25 Defendants, i.e., barring Mary Doe, a preoperative male-to-female

26 transgendered student from using the communal ladies' room,

27 violates Defendants' obligations pursuant to 20 U.S.C., §1681, 42

28 U.S.C. §1983, and the Fourteenth Amendment to the U.S.

Constitution.  Currently before the Court is Defendants' Renewed
Motion For Summary Judgment (#64), filed June 6, 2008.  The Court
also considered Plaintiffs' Opposition (#65), filed June 6, 2008,
and Defendants' Reply (#67), filed June 25, 2008.  For the
reasons set forth below, Defendants' motion is GRANTED.

**DISCUSSION**

**1.    Summary Judgment Standard**

    Summary Judgment is appropriate when "the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no
genuine issue as to any material facts and that the moving party
is entitled to judgment as a matter of law."  Fed. R. Civ. P.
56(c).

    The moving party bears the initial burden of demonstrating
the absence of a genuine issue of material fact.  *See* Celotex
Corp. v Catrett, 477 U.S. 317, at 323 (1986).  When the non-
moving party bears the burden of proving the claim or defense,
the moving party can meet its burden by pointing out the absence
of evidence submitted by the non-moving party.  The moving party
need not disprove the other party's case.  Celotex, Id., at 325.

    If the moving party meets its initial burden, the "adverse
party may not rest upon mere allegations or denials of the
adverse party's pleadings, but the adverse party's response, by
affidavits or as otherwise provided in this rule, must set forth
specific facts showing that there is a genuine issue for trial."
Fed. R. Civ. P. 56(e).

/ / /

/ / /

## A.   **Plaintiffs Have Failed To Establish Standing**

"In every federal case, the party bringing the suit must establish standing to prosecute the action."  <u>Elk Grove Unified Sch. Dist. v. Newdow</u>, 524 U.S. 1 (2004).  The question of standing is "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'"  <u>Id</u>. quoting <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975).

As stated recently by the Supreme Court in <u>Elk Grove Unified Sch. Dist. v. Newdow</u>, standing jurisprudence contains two strands: "Article III standing, which enforces the Constitution's case or controversy requirement, and prudential standing, which embodies 'judicially self-imposed limits on the exercise of federal jurisdiction.'"  <u>Newdow</u>, <u>Id.</u>, citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 559-62 (1992) and quoting <u>Allen v. Wright</u>, 468 U.S. 737, 751 (1984).

To satisfy Article III's standing requirement, a plaintiff must demonstrate three elements.  First, there must be an "injury in fact" which is an invasion of a "legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  <u>Lujan</u>, <u>Id.</u>, at 560 (citations and quotations omitted).  Second, there must be a causal connection between the injury and the conduct complained of.  Third, it must be likely, as opposed to merely speculative, that the injury will be "redressed by a favorable decision."  <u>Id.</u>, at 560-61 (citations and quotations omitted).  The elements of standing are an indispensable part of a plaintiff's case, and each element must be proven.  <u>Id.</u> at 561.

/ / /

1    Here, Plaintiffs lack standing to assert any claims for
2 declaratory or injunctive relief since they have failed to
3 establish an "injury in fact."  Without establishing an injury in
4 fact, Plaintiffs cannot possibly establish that their alleged
5 injury will be redressed by a favorable decision.  The undisputed
6 evidence establishes that Plaintiffs never actually enrolled Mary
7 Doe at Green Valley High School (GVHS), or any other CCSD high
8 school during the past two school years (2006-2007 and/or 2007-
9 2008).  In fact, during the past two school years, Mary Doe
10 attended Odyssey Charter High School, a school outside of the
11 CCSD.  *See* Def's Exhibit 1, p. 43, lines 9-11; p. 58, lines 10-24
12 and Def's Exhibit 8, p. 29, lines 7-9.  Moreover, no one employed
13 by the CCSD ever told Plaintiffs that Mary Doe could not enroll
14 at GVHS, or any other CCSD high school, nor were Plaintiffs under
15 the impression that Mary Doe could not enroll in any CCSD high
16 school.  Def's Exhibit 1, p. 58, line 25; and p. 59, lines 1-18.
17    Although the evidence established that Mary Doe would not
18 enroll at GVHS or any other CCSD high school prior to the time
19 she would graduate, *See* Def's Exhibit 1, p. 50, lines 16-25; and
20 p. 53, lines 1-2; *See also,* Def's Exhibit 8, p. 31, lines 9-25;
21 p. 32, lines 1-20; and p. 57, lines 15-17, Plaintiffs' counsel
22 represented during oral argument that Mary Doe had in fact
23 enrolled in a CCSD high school at the commencement of the current
24 school year (2008-2009).  This additional information does not
25 change the fact that Plaintiffs have failed to establish the
26
27
28

1   invasion of a legally protected interest[1] which is required to

2   establish standing.

3        Since Plaintiffs have failed to establish standing, summary

4   judgment is warranted.

5        **B.   Plaintiffs' Section 1983 and Equal Protection Claims**

6             **Are Subsumed By Title IX**

7        Plaintiffs have also advanced a claim against Defendants

8   under 42 U.S.C. §1983.  Section 1983 does not by itself create

9   substantive rights.  <u>Chapman v. Houston Welfare Rights Org.</u>, 441

10  U.S. 600, 617-18 (1979).  Rather, it provides the procedural

11  framework for a plaintiff to bring suit for violations of federal

12  rights.  42 U.S.C. §1983.  "Section 1983 supplies a cause of

13  action to a plaintiff whenever a person acting under color of law

14  deprives that plaintiff of any 'rights, privileges, or immunities

15  secured by the Constitution and laws of the United States.'"

16  <u>Bruneau v. South Kortright Cent. Sch. Dist.</u>, 163 F.3d 749, at 756

17  (2d Cir. 1998) (citing 42 U.S.C. §1983).  However, Section 1983

18  does not provide a remedy for violations of all federal statutes.

19  "When the remedial devices provided in a particular Act are

20  sufficiently comprehensive, they may suffice to demonstrate

21  congressional intent to preclude the remedy of suits under

22  Section 1983."  <u>Middlesex County Sewer Auth. v. Nat'l. Sea</u>

23  <u>Clammers Ass'n</u>., 453 U.S. 1, 20 (1981).

24  / / /

25  / / /

26  ───────────────────

27        [1] As discussed in greater detail below, Defendants' Motion for Summary Judgment is also warranted
    on the grounds that Plaintiffs' Section 1983 and Equal Protection Claims are Subsumed by Title IX, and

28  Plaintiffs have failed to establish a *Prima Facie* Case of Sex Discrimination Under Title IX.

1    In determining if 20 U.S.C. §1681 ("Title IX") precludes

2 resort to Section 1983, courts consider (1) whether plaintiffs'

3 Title IX claims are "virtually identical" to their constitutional

4 claims, and (2) whether the remedies provided by Title IX

5 indicate that Congress intended to preclude reliance on Section

6 1983.  Smith v. Robinson, 486 U.S. 992, 1009 (1984).  While the

7 Ninth Circuit has not decided the specific issue of whether

8 Section 1983 claims are subsumed by Title IX, it has recognized

9 that federal statutes may preclude a Section 1983 remedy if they

10 are sufficiently comprehensive.  See Dittman v. California, 191

11 F.3d 1020, 1028 (9th Cir. 1999); Dept. of Educ. v. Katherine D.,

12 727 F.2d 809, 820 (9th Cir. 1983).  Moreover, the Supreme Court

13 has determined that whenever the underlying statute, here Title

14 IX, contains a private right of action (express or implied), such

15 fact is deemed to be strong evidence of congressional intent to

16 preclude parallel actions under Section 1983.  See Sea Clammers,

17 Id., at 20-21.  Several years ago, the Supreme Court conducted a

18 thorough review of the legislative history of Title IX and

19 determined that Congress intended to create a private right of

20 action under Title IX.  See Cannon v. University of Chicago, 441

21 U.S. 677, 694-703.  This is important because in all of the cases

22 in which the Supreme Court has found that Section 1983 is

23 available to redress the deprivation of a federal statutory

24 right, it has emphasized that the underlying statute did not

25 allow for a private right of action (express or implied).  See

26 City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, 121-22

27 (2005).  By contrast, whenever the underlying statute contained a

28 private right of action (express or implied), the Court has

- 6 -

deemed that fact to be strong evidence of congressional intent to preclude parallel actions under Section 1983.  <u>Sea Clammers</u>, <u>Id.</u>, at 20-21.

In the case at bar, Plaintiffs seek to use Section 1983 to redress alleged deprivations of both a federal statutory right (implicating Title IX) and a federal constitutional right (implicating the Equal Protection Clause).  It is beyond dispute that the underlying factual allegations supporting Plaintiffs' Title IX and Section 1983 claims are "virtually identical," i.e., Principal Horn's alleged act of barring and/or saying he would bar Mary Doe from using the ladies' restroom at GVHS.

Accordingly, Summary Judgment is warranted as to Plaintiffs' Section 1983 claim as such claim is subsumed by Title IX.

**C.**    **<u>Plaintiffs' Equal Protection Claim Is Also Subsumed By Title IX</u>**

Like their Section 1983 claim, the underlying factual allegations supporting Plaintiffs' Equal Protection claim are "virtually identical" to those set forth in their Title IX claim.  As such, this claim, like Plaintiffs' Section 1983 claim would be precluded.  *See* <u>Smith</u>, <u>Id.</u>, at 1013. (Where the Supreme Court determined that in addition to precluding section 1983 claims, "virtually identical" constitutional claims, i.e., equal protection claims may also be precluded).

**D.**    **<u>Plaintiffs Cannot Establish a *Prima Facie* Case of Sex Discrimination Under Title IX</u>**

The two key elements for a cause of action under Title IX are: (1) that a person must be excluded from participation in, denied the benefits of, or be subjected to discrimination under

any education program; and (2) that such action was taken on the
basis of the person's sex.  20 U.S.C. §1681(a).  The scope of
Title IX protection applies only to "educational programs" that
receive direct federal financial assistance.  Congress enacted
Title IX with two principal objectives in mind: to avoid the use
of federal resources to support discriminatory practices in
education programs, and to provide individual citizens effective
protection against those practices.  *See* Cannon v. University of
Chicago, 441 U.S. 677, 704 (1979).

In the case at bar, the evidence establishes that Mary Doe
has not been excluded from participation in, denied the benefits
of, or discriminated against under any education program, on the
basis of sex.  No one employed by the CCSD ever told Plaintiffs
that Mary Doe could not enroll at GVHS, or any other CCSD high
School, nor were Plaintiffs under the impression that Mary Doe
could not enroll at GVHS or any other CCSD high school.  Def's
Exhibit 1, p. 58, line 25; and p. 59, lines 1-18.  Plaintiffs, on
their own accord, chose to enroll Mary Doe at Odyssey instead of
GVHS (or any other CCSD high school), because they did not like
Principal Horn's tentative position that the unisex nurse's
restroom, as opposed to the ladies' restroom, was the best
accommodation for Mary Doe.

Even if the Court were to determine that Principal Horn did
prohibit Mary Doe from using the ladies' restroom, such
prohibition would not constitute discrimination "under any
education program and/or activity," based on Mary Doe's "sex,"
under Title IX.  In Jadness v. Pearce, 30 F.3d 1220 (9th Cir.
1994), the Court determined that what constitutes a *covered*

- 8 -

"education program" for purposes of Title IX requires a factual determination as to whether the relevant portions of a recipient's program is educational in nature. Even applying this linguistically broad definition of what constitutes an "education program," under Title IX, it would be a stretch to conclude that a "restroom," in and of itself, is educational in nature and thus an education program.

Assuming arguendo that a "restroom" is an <u>education program</u>, Plaintiffs' Title IX claim still fails as Plaintiffs via their own deposition testimony acknowledge that the District would have given Mary Doe access to "a restroom," had she enrolled at GVHS. *See* Def's Exhibit 1, p. 62, lines 11-22. *Also See* Def's Exhibit 8, p. 39, lines 18-25; and p. 40, lines 1-8. Since Mary Doe would have had access to a restroom had she actually enrolled at GVHS, Plaintiffs cannot possibly establish the first key element required for a Title IX Claim.

In analyzing the second element of a Title IX cause of action, i.e., "that a plaintiff is discriminated against on the basis of their sex," courts have relied on cases interpreting parallel language in Title VII. Title VII prohibits discrimination by an employer "because of [an] individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a)(2000). Although much of Title VII case law can be applied to Title IX actions, the analogy is not perfect as Title VII legal precedent arises exclusively out of the employment context, while Title IX was enacted solely to address instances of discrimination in <u>educational programs</u> that receive direct federal financial assistance. 20 U.S.C. §1681(a). In <u>Price</u>

1  <u>Waterhouse v. Hopkins</u>, 490 U.S. 228 (1998), the Supreme Court

2  held that Title VII's "sex" discrimination prohibition barred not

3  just discrimination based on the fact that Hopkins was a woman,

4  but also discrimination based on the fact that she failed 'to act

5  like a woman' - that is, to conform to socially-constructed

6  gender expectations.

7       In the case at bar, the excerpts from the deposition

8  testimony of both Mary and Jane Doe (at pp. 22-25 of Def's

9  Motion-#64) establish that Defendants have not discriminated

10  against Mary Doe under any education program (as that term is

11  defined), <u>because of her "sex</u>," i.e., because she is a "male,"

12  "female," and/or because she failed to act like a "male" or

13  "female" (applying the expanded <u>Price Waterhouse v. Hopkins</u>

14  definition).

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    Accordingly, Plaintiffs' Title IX claim must fail.

2  **2.   Conclusion**

3    For the above-stated reasons, Defendants' Motion for Summary

4  Judgment is Granted.

5                              IT IS SO ORDERED:

6

7                              _____
                               UNITED STATES DISTRICT JUDGE

8                                      September 17, 2008
                               DATED: _____

9

10

11    Submitted by:

12    CLARK COUNTY SCHOOL DISTRICT
      OFFICE OF THE GENERAL COUNSEL

13

14  By:  ____/s/_____
         C. W. HOFFMAN, JR., ESQ.
15       Nevada Bar 5370
         F. TRAVIS BUCHANAN, ESQ.
16       Nevada Bar 9371
         5100 W. Sahara Avenue
17       Las Vegas, NV 89146
         Attorneys for Defendants

18

19

20

21

22

23

24

25

26

27

28